# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
## SOUTHERN DIVISION

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | ] | |
| | ] | |
| **Plaintiff,** | ] | |
| | ] | |
| **v.** | ] | **2:11-cr-495-KOB-HGD** |
| | ] | |
| **MICHAEL HEATH THETFORD,** | ] | |
| | ] | |
| **Defendant.** | ] | |

## <u>MEMORANDUM OPINION</u>

This matter comes before the court on a letter sent to chambers from "Victims: Jack Winslett and Shirley Winslett." The court determined that the pro se letter should be treated as a Motion to Reopen the Plea under 18 U.S.C. § 3771(d) and directed that the letter be filed and docketed as such. (Doc. 73). Although the letter references numerous criticisms about conversations with Assistant U.S. Attorneys and F.B.I. agents in South Dakota and Alabama, the thrust of the complaint seems to be that the F.B.I. and U.S. Attorney failed to take possession of and return to them a boat stolen by Defendant Thetford, and that the Government failed to bring criminal charges against the third-party purchaser of the boat. For the reasons discussed in this Memorandum Opinion, the court must deny the Motion to Reopen the Plea.

Under the Crime Victims Rights Act (CVRA), 18 U.S.C. § 3771, Congress provided that victims would have the right to be involved in the criminal justice process. *United States v. Moussaous*, 483 F. 3d 220, 234 (4th Cir. 2007); *Kenna v. United States District Court*, 435 F.3d

1

1011, 1016 (9th Cir. 2006); *Does v. Unites States*, 817 F. Supp. 1337, 1340 (S.D. Fla. 2011); *United States v. Rubin*, 558 F. Supp. 2d 411, 417 (S.D.N.Y 2008). The CVRA provides that victims of crime have certain rights. Those enumerated rights include the right to notice of and "not to be excluded from" any public court proceedings, and the right to be "reasonably heard" at public court proceedings, including plea and sentencing hearings; the right to confer with the government attorney; the right to restitution as provided by law; and the right to be treated with fairness and respect. 18 U.S.C. § 3771(a).

These rights, however, do not extend to giving crime victims veto power over the prosecutor's discretion. Indeed, CVRA itself expressly prohibits any encroachment on that discretion: "Nothing in this chapter shall be construed to impair the prosecutorial discretion of the Attorney General or any officer under his direction." 18 U.S.C § 3771(d)(6). This language and the statute read as a whole demonstrate that "there is absolutely no suggestion in the statutory language that victims have a right independent of the government to prosecute a crime, set strategy, or object to or appeal pretrial or in limine orders....In short, the CVRA, for the most part, gives victims a voice, not a veto." *Rubin*, 558 F. Supp. 2d at 418.

As an initial matter, the court must determine whether the Winsletts qualify as "crime victims." The CVRA, 18 U.S.C. § 3771(e), defines a crime victim as any person "directly and proximately harmed as a result of the commission of a Federal offense."

The Eleventh Circuit established a two-part test to determine whether one qualifies as a crime victim in a given case: "[F]irst, we identify the behavior constituting 'commission of a Federal offense.' Second, we identify the direct and proximate effects of that behavior on parties other than the United States. If the criminal behavior causes a party direct and proximate

harmful effects, the party is a victim under the CVRA." *In Re Stewart*, 552 F.3d 1285, 1288

(footnote omitted).  Under this test, the court finds that Jack Winslett and Shirley Winslett

qualify as crime victims.

Count Three of the Indictment in this case charges Thetford with a scheme to defraud that

was carried out by means of interstate communication (wire fraud).   The fraudulent scheme

involved Thetford's sale via Craigslist of a boat owned by the Winsletts[1];  to effectuate that sale,

Thetford forged their signatures on the bill of sale.   The direct and proximate harmful effects of

the charged wire fraud offense deprived the Winsletts of their boat and qualify them as crime

victims within the CVRA.  As such, they have standing to assert their rights under CVRA, as

they have done with their motion; having done so,  the "district court shall take up and decide any

motion asserting a victim's right forthwith."  18 U.S.C. § 3771(d)(3);  *In re W.R. Huff Asset Mgt.*

*Co.*, 409 F.3d 555, 561 (5th Cir. 2005);  *Rubin*, 558 F. Supp. 2d at 417.

Next, the court must consider whether, as crime victims, the Winsletts have asserted a

valid reason why the court should reopen the plea of guilty that Thetford entered in this case on

March 11, 2013.  Pursuant to 18 U.S.C § 3771(d)(5),

> A victim may make a motion to re-open a plea or a sentence *only if*—
>     (A) the victim has asserted the right to be heard before or
> during the proceeding at issue and such right was denied;
>         (B) the victim petitions the court of appeals for a writ of

---

[1]In the Motion, the Winsletts assert that only Shirley Winslett owns the boat and that any charges that include Jack Winslett as a co-owner of the boat would be "false crimes." The precise ownership of the boat would not be a basis for reopening the plea or challenging the indictment because the charges and the facts to which Mr. Thetford pled are substantially true and the factual basis for each element of the wire fraud count met:  Thetford did not own the boat contrary to his material false and fraudulent  misrepresentations made to defraud potential purchasers of their money and the Winsletts of the boat, and he used interstate wire communications to execute the scheme to defraud.

mandamus within 14 days; *and*
> (C) in the case of a plea, the accused has not pled to the
> highest offense charged.

18 U.S.C. § 3771(d)(5) (emphasis added).

In their motion, the Winsletts mention that Jack Winslett did not have advance notice of the plea hearing, although Shirley Winslett did have at least one conversation prior to the taking of Thetford's plea. As to Shirley Winslett, her motion to reopen the plea fails because she can not meet any of the three conjunctive prerequisites to reopening the plea, much less all of them: she did not assert and have denied her right to be heard at the plea hearing; she did not petition the court of appeals for mandamus within 14 days of March 11, 2013; AND, she cannot show that Thetford did not plead guilty to the highest offense charged. *See* 18 U.S.C. § 3771(d)(5). Assuming that Jack Winslett did not have notice of the plea, and assuming without deciding that lack of notice excuses the preconditions of (A) and (B) above, he likewise cannot meet the absolute requirement of (C) that the plea can only be reopened when the defendant did not plead to the highest offense charged.

The court has compared all of the allegations in the victims' motion with the requirements of 18 U.S.C. § 3771(d)(5), and has reviewed the Superseding Indictment (doc. 34) and the binding plea agreement entered in this case (doc. 70) to determine whether Thetford pled guilty to the highest offense charged. The four-count Superseding Indictment charges Defendant Thetford as follows: Count One—felon in possession of firearms (18 U.S.C. § 922(g)(1)); Count Two—violations of gun registration law (26 U.S.C. § 5861(d)); Count Three—wire fraud (18 U.S.C. §§ 1343, 1349, and 2); and Count Four—identity theft (18 U.S.C. §§ 1028(a)(1) and 2). Because Thetford has three prior felony convictions that

apparently would count as "violent felonies" for purposes of 18 U.S.C. § 924(e)(2)(B), the statutory sentence for Count One would be the mandatory minimum of at least 15 years and not more than life in prison. Defendant Thetford pled guilty to Counts One and Three and agreed to a binding sentence of 318 months and 240 months, respectively, to run concurrently with each other as well as concurrently with the sentences imposed in the two other cases to which he pled guilty. As part of a global plea agreement, Defendant Thetford also pled guilty in 2:12-cr-00349-KOB-HGD in this court to sexual exploitation of children (this Count also carries a mandatory minimum sentence of 15 years) and possession of child pornography, and to charges pending in the District of South Dakota, CR 11-30159-RAL. In this case and in the other case pending in this court, Defendant Thetford pled guilty to the highest offenses charged.

Because Thetford pled guilty to the highest offense charged in this case, under the explicit language of the CVRA, the Winsletts are not entitled to reopen the plea. *See Rubin*, 558 F. Supp. 2d at 423, 424. For this reason, the court will deny their motion.

Because the Winsletts complain about other matters affecting their rights that will continue to be issues as this case proceeds to sentencing, the court believes addressing them at this stage to be wise. The Winsletts' motion repeatedly states two refrains: that the boat has not been returned to them and that the man who bought it has not been charged with receiving stolen property. To the extent they assert these issues as reasons to reopen the plea, they lack merit as discussed above because Thetford pled to the highest offense charged.

Although not entitled to have the plea reopened, the Winsletts are still entitled to certain rights under the CVRA. The CVRA gives victims the right "not to be excluded" from

public hearings, the "right to be reasonably heard" at sentencing, and the "right to full and timely restitution *as provided by law*," among other protections.  18 U.S.C. § 3771(a) (emphasis added).   Sentencing in this case is set for June 27, 2013 at 2:30; victims may be present at that time in open court or submit written statements in advance  for the court to consider and/or to read into the Record.

As to their concerns about the perceived inadequacy of restitution, their concerns are premature. The court notes that in the plea agreement, the Government and Thetford agreed that the *minimum* amount of restitution payable to the Winsletts would be $2800 and left the matter of the total amount of restitution for the court to determine.  Between now and sentencing, the Government will be gathering information for inclusion in the Presentence Report to assist the court's consideration as to the total amount of restitution to impose in this case.   Now is the time for the Winsletts to cooperate with the Government to document the actual value of the boat at the time Thetford stole it from them.  *See Rubin*, 558 F. Supp. 2d at 425-26 (explaining that the right under the CVRA to restitution only *"as provided by law"* relies on the provisions of the Mandatory Victim Restitution Act, which "does not require the victim's seal of approval, or even solicitation of opinion beyond those facts that would assist the government's required calculations."); *see also In Re W.R. Huff Asset Mgt. Co.,* 409 F.3d at 563-564 (recognizing limitations on restitution rights of victims).

As to their complaint that the Government has not seized the boat or criminally charged the person who purchased it, the court understands the Winsletts' frustration. However, the United States Attorneys, as officers under the direction of the Attorney General, retain broad prosecutorial discretion, and the CVRA does not transfer any of that discretion to

6

victims.  The language of 18 U.S.C. § 3771(d)(6) explicitly states:  "Nothing in this chapter shall be construed to impair the prosecutorial discretion of the Attorney General or any officer under his direction."  In other words, the Government Attorneys—not the Winsletts—get to make the decision about whether the evidence is strong enough to establish a case beyond a reasonable doubt that the purchaser of the boat knowingly and intentionally received stolen property, as Federal law defines those terms, and whether to bring charges against him.  The CVRA does not empower victims with "a right independent of the government to prosecute a crime....In short, the CVRA, for the most part, gives the victims a voice, not a veto."  *Rubin*, 558 F. Supp. 2d at 418.  Not only do victims not have a veto, they do not have the right to dictate Government  strategy or demand who to prosecute.  Instead, the Government has the right, in exercising prosecutorial discretion, to recognize "difficulties in proof of culpability."  *See In Re W.R. Huff Mgt. Co.*, 409 F.3d at 564.  Nor can victims demand that the government attorney remove property from a non-defendant and give it to them.  In fact, "the CVRA does not grant victims any rights against individuals who have not been convicted of a crime." *Id.*

Having recognized that the CVRA does not give the Winsletts any right to demand that the Government return their purloined boat to them or pursue criminal charges against the person in possession of their boat does not mean that they may not have a civil remedy available to them to recover their boat. Government prosecutors simply may not be commandeered to do their bidding.

Although denying the relief requested in the motion, the court will remain vigilant as to the important rights conferred by the CVRA, and to its and the Government's actual obligations to the Winsletts and other victims under the Act,  particularly regarding notice and

the reasonable opportunity to be heard.[2]  The court will enter a separate Order denying the

Motion.

       DONE and ORDERED this 29th day of March, 2013.

                                      *Karon O. Bowdre*

                                      KARON OWEN BOWDRE
                                      UNITED STATES DISTRICT JUDGE

---

[2] As to any further actions to take, the court shares the concerns expressed by one court over the effect of involvement in disputes between victims and prosecutors on the court's need to remain impartial to the Government and the accused --"the only true parties to the trial of the indictment." *Rubin*, 558 F. Supp. at 428.  The court continued lamenting, "As for actual clashes between victim and government over the best way to convict, punish and seek restitution from a criminal wrongdoer, how can the court presiding over the prosecution of the defendant referee any spat between the government and the victim about how best to make the accused pay for his... charged criminal conduct?" *Id*. at 429.